*136 The opinion of the Court was delivered by
Glovek, J.
The plaintiff’s action was on a joint promissory note drawn by defendants, for one hundred and thirty dollars and seventy-five cents, and dated 8 March, 1852. A credit for forty-five dollars and six cents is endorsed, 17 June, 1853, and afterwards the following receipt was given.
“Eeeeived of W. B. Johnson, February 11th, 1857, sixty-three dollars and twenty-two cents, being his share in full of the within note, from thé payment of which, or any part thereof, I hereby release him.”
(Signed) “ Edwakd Hope.”
A non-suit was ordered by the Circuit Judge on the ground, that this receipt operated as a release of the balance due on the note, and discharged the joint makers; and the motion in this Court, is to set aside the non-suit.
*137 Tbe intention.' of tbe parties was, that Jobnston should be discharged from all future liability on bis joint promise, and tbe enquiry is, whether an acquittance, not under seal, acknowledging tbe payment of one half of defendant’s actual liability, is a good bar.
A paról release of tbe whole sum on tbe day, in considera- ' tion of tbe payment of a part, is not satisfaction of the whole, because, as is said in Pinnel's case, (5 Eep. 117,) by no possibility can a lesser sum be a satisfaction to the plaintiff for a greater sum, and as such a parol agreement is without consideration it is void. Distinctions are taken in cases, where this general principle is modified by circumstances showing a consideration; — as where the release is under seal, it is a satisfaction by deed and is a good bar, because the seal imports a consideration, — or where there is something collateral, showing that the party relinquishing >may derive a benefit which might be an equivalent and, consequently, a sufficient consideration. The receipt of a horse, hawk or gold ring has been held to be good satisfaction, as these have no settled value and may be estimated by the plaintiff, even beyond the amount of his debt. Exceptions to the principle, not depending upon full satisfaction, are found in cases where payment is made before the day, or at a different place from that mentioned in the promissory note: — because in the one case, payment of a part, before due, may be more beneficial and as ample satisfaction as the whole would be when due,— in the other case, payment at a different place involves expensej which has been considered a sufficient consideration where the payment has been partial.
The paper offered by the defendants is dated after the day appointed for payment, and is but the payment of a moiety of the balance due; — and in the absence of a seal, which would supersede the proof of consideration, cannot operate as a release: nor does it come within any of the exceptions to the general rule, which has been recognised by our Courts. *138 (Corbett vs. Lucas & Dotterer, 4 McC. 323; Eve vs. Mosely, 2 Strob. 203.)
Accord and satisfaction is payment of tbe whole debt, (Fitch ys. Sutton, 5 East. 230,) and tbe acquittance relied upon shows that tbe defendant Johnston paid only one half, which is only satisfaction pro tanto.
Motion granted.
O’Neall, Wardlaw, and Withers, JJ., concurred.